# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

STANLEY JEAN LOUIS,
    Plaintiff,
v.

BLOCK INC. d/b/a CASH APP,
    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff Stanley Jean Louis, by and through counsel, and for Plaintiff's causes of action against Defendant Block Inc. d/b/a Cash App states as follows:

1. This is an action for damages arising under the federal Electronic Funds Transfer Act and involving the unauthorized transfer of $1,732.50 from Plaintiff's Cash App account.

## THE PARTIES

2. Plaintiff is a citizen of the State of Florida.

3. Defendant Block Inc. d/b/a Cash App ("Block") is a Delaware Corporation.

4. Defendant Block is an American financial merchant services aggregator, and mobile payment company.

5. Defendant Block is a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9).

6. At all times relevant hereto, Defendant Block was and is engaged in the banking business within the State of Florida.

7. Cash App is a popular mobile payment software application offered by Defendant Block which facilitates sending and receiving money.

## FACTS

8. The EFTA is a federal statute which regulates electronic fund transfers – in particular, preauthorized transfers initiated by consumers through financial institutions. *See* 15U.S.C. § 1693 *et seq*.

9. "The EFTA, like the [Truth-in-Lending-Act] and other [Consumer Credit Protection Act] provisions, is a remedial statute accorded a broad, liberal construction in favor of the consumer." *Bultemeyer v. Fitness Alliance, LLC*, No. CV-12-2619-PHX-LOA, 2014 WL 667585, at *3 (D. Ariz. Feb. 20, 2014).

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(5) and 12 C.F.R.§205.1(e).

11. In or around July 2022 Plaintiff opened a Cash App mobile banking account with Defendant Block.

12. The account was opened so that Plaintiff could transfer money between friends and family.

13. On or about May 7, 2025, Plaintiff received his paycheck into his account with Defendant in the amount of $1,733.65.

14. On that same day, Defendant Block drafted funds from Plaintiff's Cash App account, in single, unauthorized transfer of $1,732.50.

15. The transfers went to an account at Coastal Community Bank.

16. Plaintiff does not now, nor has he ever had an account with Coastal Community Bank.

17. This transfer was initiated by a third party and is the product of fraud.

18. Plaintiff did not authorize this transfer, nor did he benefit from it.

19. Plaintiff had not provided information sufficient to allow the withdrawal of money from the account to any third party.

20. Plaintiff immediately notified the Defendant of the unauthorized and fraudulent transfer and disputed it.

21. Plaintiff thereafter followed up with Defendant Block by telephone.

22. Plaintiff is informed and thereon believes that Defendant Block undertook an investigation into the unauthorized transfers.

23. During this investigation, Plaintiff was not provided with provisional credit of the amounts which were transferred from his Cash App account.

24. On or about May 21, 2025, Defendant Block informed Plaintiff that it has finished its investigation and that Plaintiff would be held liable for the unauthorized transfer.

25. Defendant Block Inc. has thus refused to refund Plaintiff the $1,732.50 that was drained from his account as a result of fraud.

26. Plaintiff has therefore been denied the use and possession of his money, in addition to the time-value of his money.

27. Plaintiff has filed a police report regarding the unauthorized transfer of his money from his Cash App account with the Orlando Police Department,

## VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT

28. The EFTA places sharp limitations on consumer liability for unauthorized transactions. For example, "If the consumer notifies the financial institution within two business days after learning of the loss or theft of the access device, the consumer's liability shall not exceed the lesser of $50 or the amount of unauthorized transfers that occur before notice to the financial institution." 12 CFR Sec. 1005.6 ("Liability of consumer for unauthorized transfers") *See* 15 U.S.C. § 1693g ("Consumer liability").

29. Pursuant *to the EFTA, 15 U.S.C. Sec. 1693f(a), Defendant Block must*

*conduct an investigation of an authorized transaction once the consumer*

*provides a minimum of information.*

30. *Specifically*, the statute provides in relevant part that:

> [O]*nce the consumer provides oral or written notice in which the consumer --*
>
> **(1)** *sets forth or otherwise enables the financial institution to identify the name and account number of the consumer;*
> **(2)** *indicates the consumer's belief that the documentation, or, . . .*
>> *the consumer's account, contains an error and the amount of such error; and*
> **(3)** *sets forth the reasons for the consumer's belief (where applicable) that an error has occurred, the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days. Thus, once the account holder provides (1) the name and account number of the consumer; (2) indicates a belief that there is an error and (3) sets forth the reasons for the belief that there is an error, Defendant Block must ("shall") investigate.*
>
> 15 U.S.C. §1693f -Error Resolution.

31. The EFTA, Section 1693(f) defines "errors" broadly:

> (f) *ACTS CONSTITUTING ERROR. --For the purpose of this section, an error consists of--*
>> (1)    *an unauthorized electronic fund transfer;*
>> (2)    *an incorrect electronic fund transfer from or to the consumer's account;*
>> (3)    *the omission from a periodic statement of an*

> *electronic fund transfer affecting the consumer's account which should have been included;*
>
> (4)  *a computational error by the financial institution;*
> (5)  *the consumer's receipt of an incorrect amount of money from an electronic terminal;*
> (6)  *a consumer's request for additional information or clarification concerning an electronic fund transfer or any documentation required by this title; or any other error described in regulations of the Bureau.*

*See also*, Regulation E, 12 C.F.R. § 1005.33 ("Procedures for resolving errors"); Official Interpretation of Regulation E, 11(b)(1) ("Notice of Error From Sender").

32. Where a Defendant determines after its investigation that no error has occurred it must provide an explanation and inform the consumer of certain rights.

33. Account holders' rights under the EFTA are non-waivable. Specifically, 15 U.S. Code § 1693l ("Waiver of rights") states, in relevant part: "No writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by this subchapter."

34. As a direct and proximate result of Defendant Block's violations of the EFTA, Plaintiff has suffered actual damages as he has not been able to pay

his rent or other bills. He is entitled to an award of statutory and actual damages as well as attorney's fees and costs.

35. In addition, Defendant Block Inc. failed to provisionally recredit Plaintiff's accounts while investigating the unauthorized transfer.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Block for actual damages and statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3); and for such other and further relief as may be just and proper.

Respectfully submitted.                    Date: June 10, 2025


/s/ Michele Formaggio
Michele Formaggio, Esq.
FL Bar 51526
Formaggio Law Firm, LLC
2439 Bloods Grove Circle
Delray Beach, FL 33445
Tel.: (561)819-2410
Fax: (866) 970-4571
michele@formaggiolawfirm.com
micheleformaggioesq@gmail.com
Attorney for Plaintiff